[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12253
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2012
JOHN LEY
CLERK

D. C. Docket No. 6:11-cv-00191-PCF-GJK


TERRY A. BURLISON,

                                                          Plaintiff-Appellant,


        versus


UNITED STATES ATTORNEY GENERAL,

                                                          Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 12, 2012)


Before EDMONDSON, HULL and BLACK, Circuit Judges.


PER CURIAM:

Terry A. Burlison, proceeding pro se, appeals the district court's sua sponte dismissal of his petition for writ of mandamus for lack of subject matter jurisdiction. No reversible error has been shown; we affirm in part and dismiss in part.

Burlison filed an initial petition seeking a writ of mandamus against the United States Attorney General. The district court dismissed the petition without prejudice for lack of subject matter jurisdiction and granted Burlison leave to file an amended petition. In response, Burlison filed a motion to vacate the district court's order of dismissal, pursuant to Fed.R.Civ.P. 60(b), which the district court denied on 8 March 2011.

Burlison then filed an amended petition for writ of mandamus, which the district court dismissed without prejudice for lack of subject matter jurisdiction. The district court again granted Burlison leave to file an amended petition and -- when he failed to do so -- dismissed the case on 27 April 2011. On 16 May 2011, Burlison filed a notice of appeal stating that he was appealing "an order dismissing his mandamus action entered in this action on the 27th day of April, 2011."

To the extent that Burlison now seeks to challenge the district court's 8 March order denying his motion to vacate, we lack jurisdiction to review that portion of the appeal. Federal Rule of Appellate Procedure 3(c)(1)(B) requires

2

that a notice of appeal "designate the judgment, order, or part thereof being appealed." "Although we generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice." Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987). When a notice of appeal names a specific order to be appealed, "we must infer that the appellant did not intend to appeal other unmentioned orders or judgments." Id. at 1529. Because nothing on the face of Burlison's notice of appeal demonstrated an "overriding intent" to appeal the district court's 8 March order and because Burlison's notice of appeal was untimely as to that order, we lack jurisdiction to consider Burlison's arguments about that order on appeal. See Fed.R.App.P. 4(a)(1)(B) (providing that when a United States officer is a party, a notice of appeal must be filed within 60 days after entry of the order appealed from).

Because Burlison fails to address the district court's 27 April order dismissing his petition for writ of mandamus in his appellate brief, he has abandoned those arguments on appeal. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (stating that "[w]hile we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." (citations omitted)).

AFFIRMED IN PART, DISMISSED IN PART.